### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

| | |
|---|---|
| ARTHUR SAMPSON, <br><br>                     Plaintiff, <br><br>      – Versus – <br><br> CITY OF VILLE PLATTE, LOUISIANA; JENNIFER VIDRINE, Mayor, City of Ville Platte; NEAL LARTIGUE, Chief of Police, City of Ville Platte; C.J. DARDEAU, City Council Member, City of Ville Platte; MIKE PERRON, City Council Member, City of Ville Platte; FREDDIE JACK, City Council Member, City of Ville Platte; DONALD SAM,  City Council Member, City of Ville Platte; TARANZA ARVIE, City Council Member, City of Ville Platte, <br><br>                  Defendants. | NUMBER: 1:11-cv-1780 <br><br> JUDGE: <br><br> MAG. JUDGE: <br><br> CIVIL RIGHTS ACTION <br> 42 U.S.C. § 1983 <br><br> DECLARATORY AND INJUNCTIVE RELIEF <br><br> RE: UNCONSTITUTIONALITY OF A MUNICIPAL ORDINANCE – THE CITY OF VILLE PLATTE, LA WALKING CURFEW |

## COMPLAINT

### INTRODUCTION

1.      This is an action pursuant to 42 U.S.C. §§ 1983 and 1988, for a temporary restraining order, declaratory judgment, injunctive relief and nominal damages to redress Defendants' violations of Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution.  Specifically, Plaintiff seeks judicial review of the Ville Platte, LA ("Ville Platte") walking curfew, a municipal ordinance which arbitrarily prevents Plaintiff from exercising his constitutionally-protected, fundamental right to free movement.

## JURISDICTION AND VENUE

2.      The Court has original jurisdiction in this matter under 28 U.S.C. §§ 1331 and 1343.

3.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because the City of Ville Platte is located within this District, and because the individual Defendants reside in this District.

4.      Declaratory relief is authorized by 28 U.S.C. § 2201 and 2202. A declaration of law is necessary to determine the respective rights and duties of the parties.

## THE PARTIES

5.      Plaintiff ARTHUR SAMPSON is an adult resident of Ville Platte, Louisiana.  He is subject to the curfew at issue here.

6.      Defendant CITY OF VILLE PLATTE ("the City"), Louisiana, is a municipality of the State of Louisiana.  At all relevant times, the City employed the defendants named below.  The City is directly liable for acts complained of herein due to the policies and practices of its police department and other employees.  The City is further directly liable for acts complained of herein due to its enactment of the curfew.  The City maintains the right and power to sue and be sued.

7.      Defendant JENNIFER VIDRINE**,** is an adult resident of Ville Platte who, at all relevant times, was the mayor of the City. Vidrine is responsible for the final supervision of the Ville Platte Police Department, and for final execution and enforcement of the proclamations, executive orders and ordinances of the City.  Through her supervision, execution and enforcement powers, Vidrine trenched upon Plaintiff's First and Fourteenth Amendment rights. Upon information and belief, Vidrine is a final policymaker on the questions of whether a person may avail himself of his constitutionally protected First Amendment and Fourteenth Amendment rights under the curfew.  She is sued in her official capacity.

2

8.      Defendant NEAL LARTIGUE is an adult resident of Ville Platte who, at all relevant times, was the Ville Platte Chief of Police.  As such, he enforces the criminal laws of the State of Louisiana and the ordinances of the Ville Platte, including the curfew.  Upon information and belief, Lartigue is a final policymaker on the questions of whether a person may avail himself of his constitutionally protected First Amendment and Fourteenth Amendment rights under the curfew.  He is sued in his official capacity.

9.      Defendants C.J. DARDEAU, MIKE PERRON, FREDDIE JACK, DONALD SAM and TARANZA ARVIE are adult residents of Ville Platte who, at all relevant times, were Ville Platte city council members.  Each therefore is partly responsible for City's adoption of the curfew. Each is sued in his official capacity.

### THE CURFEW

10.     Upon information and belief, the curfew reads as follows:

CITY OF VILLE PLATTE: WALKING CURFEW. Whereas, it shall be unlawful for any individual to travel by foot, loiter, wander, stroll, or play in or upon or traverse any public streets, highways, roads, alleys, parks, places of amusement and entertainment, places and buildings, vacant lots or other unsupervised places in the City of Ville Platte, Louisiana, between the hours of 10:00 p.m. on any Sunday, Monday, Tuesday, Wednesday, or Thursday night, and 5:00 a.m. of the following day, or 1:00 a.m. on any Friday or Saturday night, and 5:00 a.m. of the following day, all official time of the City of Ville Platte, Louisiana. Whereas, violators of this walking curfew will face up to a $200 fine and/or 30 days in jail.

11.     Several weeks ago, counsel for Plaintiff requested that the city provide a copy of the curfew ordinance, and Plaintiff has followed up on that request with personal visits to the city office.  To date, the City has refused to provide Plaintiff a copy of the ordinance.

12.     Not only has the City refused to provide Plaintiff a copy of the curfew ordinance, the City has responded to Plaintiff's requests by providing copies of other ordinances and misrepresenting those ordinances to be the curfew ordinance, when they were actually ordinances pertaining to reflective clothing and restrictions on open alcoholic beverage containers.

13.     For the reasons set forth in Paragraphs 11 and 12, Plaintiff has alleged certain elements of the curfew upon information and belief.  The substance of the curfew, however, specifically its effective periods and the penalties for violation, is not disputable.

## FACTUAL ALLEGATIONS

### The Curfew is Enacted

14.     In February 2011, Mayor Vidrine requested that the City Council respond to a series of car break-ins by instituting a walking curfew throughout Ville Platte.[1]

15.     On February 11, 2011, at the fervent insistence of Mayor Vidrine, the City Council approved and instituted the curfew substantially in the form of the municipal ordinance set forth at Paragraph 10 above.

16.     At its core, the curfew prohibits foot traffic on all public streets, highways, roads, alleys, parks, places of amusement and entertainment, places and buildings, vacant lots and other unsupervised places throughout all of Ville Platte.

17.     The ban is effective between the hours of 10 p.m. to 5 a.m. Sunday through Thursday and 1 a.m. to 5 a.m. Saturday through Sunday.

18.     The curfew initially was enacted for sixty days, with the possibility of a sixty-day extension.

---

[1]     Michael Bordelon, *City of Ville Platte imposes walking curfew*, Ville Platte Gazette, February 9, 2011, *available at* http://www.villeplattetoday.com/view/full_story/11331235/article-City-of-Ville-Platte-imposes-walking-curfew?

19.     Upon information and belief, the text of the curfew ordinance explicitly provides that the curfew must affirmatively be renewed by the City Council every sixty days, otherwise it automatically expires.

**The Curfew Goes Into Effect**

20.     On February 12, 2011, the Ville Platte Police Department began enforcing the curfew. At approximately 10 p.m. on February 13, 2011 – hardly twenty-four hours after enforcement had begun – police officers stopped three persons on a public street, asked about their intentions, warned them of the curfew and checked their identification.  Later that same night, at approximately 11:18 p.m., police cited another man for walking along the street in violation of the curfew.  At approximately 11:54 p.m., police questioned yet another man walking along a public street, warned him of the curfew and verified his identity.  Finally, at approximately 12:48 a.m. – barely more than 48 hours after the curfew had been enacted, police stopped and cited another man on a public street for violation of the curfew.[2]

21.     On February 12, 2011, Mayor Vidrine reportedly patrolled the streets of Ville Platte in a police vehicle, lights flashing, in an effort to ensure the curfew was not violated.[3]

22.     On February 23, 2011, Defendant Lartigue reportedly stated that the curfew was still in effect and any violators would be stopped by police.  He also encouraged Ville Platte residents to identify and report curfew violators.[4]

**The Curfew's Continued Effects**

23.     When the curfew initially was enacted, Vidrine stated: "We will do it as long as we need to for people to feel safe again."[5]

---

[2]     Carissa Hebert, *Curfew takes effect Friday evening, no serious problems*, Ville Platte Gazette, February 12, 2011, *available at* http://www.villeplattetoday.com/view/full_story/11374818/article-Curfew-takes-effect-Friday-evening--no-serious-problems?.
[3]     *Supra*, Hebert, at Ville Platte Gazette, February 12, 2011
[4]     Carissa Hebert, *Burglary, fight and curfew discussed*, Ville Platte Gazette, February 23, 2011, *available at* http://www.villeplattetoday.com/view/full_story/11568028/article-Burglary--fight-and-curfew-discussed?.

24.     Not to be denied, Vidrine pushed the City Council to renew the curfew on April 13, 2011.

25.     Eagerly complying with the Mayor's will, the City Council renewed the curfew for another 60 days.[6]

26.     Since then, Defendants have renewed the curfew twice more:  once in June and once in August.

27.     Upon information and belief, since the inception of the curfew, hundreds of Ville Platte residents have been cited, arrested or both, solely because they were outside after 10 p.m.

28.     Upon information and belief, despite the mass arrests that since February 2011 have occurred almost nightly throughout the City, no significant decrease in crime has resulted.

29.     On the other hand, arrests and imprisonments for curfew violations, as well as violations of a City ordinance that requires all residents to wear reflective clothing after dark[7], have **skyrocketed**, filling the Ville Platte's jails with otherwise innocent civilians and creating a monetary windfall for the City and thus, a tremendous incentive to continue the curfew.

30.     To this day, Plaintiff Sampson and the other residents of Ville Platte are unable to leave their homes on foot between 10 p.m. and 5 a.m. on weekdays and 1.a.m. and 5 a.m. on Saturday and Sunday, for fear that they will be cited and arrested for nothing more than appearing in public.

31.     The curfew has substantially effected Sampson's life.  Before the ordinance went into effect, Sampson regularly would walk through his neighborhood to check on his elderly Aunt,

---

[5]     *Supra*, Bordelon, at Ville Platte Gazette, February 9, 2011

[6]     Michael Bordelon, *Ville Platte City Council extends walking curfew, presents trophies to Lady Bulldogs*, EvangelineToday.com, available at: http://evangelinetoday.com/view/full_story/12774219/article-Ville-Platte-City-Council-extends-walking-curfew--presents-trophies-to-Lady-Bulldogs?instance=secondary_stories_left_column

[7]     That ordinance, set forth at Ville Platte Municipal Code Section 3-49, is not challenged here.  It is worth noting, however, that most people who have been cited or arrested for violating the curfew were contemporaneously either cited or arrested for violating the reflective clothing ordinance.

who lives several blocks away.  Now he cannot do so, for fear that the walk home after spending an evening with family will land him in jail.

32.     Before the curfew**,** indeed, for his whole life**,** Sampson regularly walked to friends' and family members' homes for evening visits; now, he cannot do so.  As President of the Evangeline Parish NAACP, Sampson often walked to the homes of concerned citizens in his neighborhood to discuss political and racial issues, as well as to provide advice and counsel; not anymore.  Before the curfew, he frequently walked late in the evening to the community store, which was owned and operated by a friend, to buy a snack or a drink; not anymore.  While all of those things are protected liberties, since February 2011, Sampson has avoided them, afraid of arrest and imprisonment by agents of the City.

33.     Indeed, Sampson and the other residents of Ville Platte are unable to do physical exercise, walk their dogs and/or enjoy many activities that are otherwise protected exercises of their First Amendment rights to assemble, to congregate, to associate, to speak in public and to simply be out in the world, all due to the arbitrary and unnecessary actions of the Defendants.

34.     Moreover, Plaintiff and the other residents of Ville Platte are unable to enjoy their fundamental liberty interests, and the privileges and immunities afforded them under the 14th Amendment, including their most basic right to the freedom of movement about their local public fora.

35.     Seeking to vindicate his constitutional rights, Plaintiff now brings this action.

## CAUSES OF ACTION

### FIRST CLAIM
### (The Curfew is facially overbroad)

36.     Plaintiff realleges and reincorporates, as though fully set forth herein, each and every allegation contained above.

37.     Plaintiff argues that the curfew never had and does not now have a plainly legitimate sweep, as civil conditions in Ville Platte were never so dangerous or out of control as to necessitate a curfew.

38.     That said, a law is overbroad if, beyond its plainly legitimate sweep, it illegalizes otherwise constitutionally protected conduct.

39.     Here, the curfew includes no exception for protected First Amendment activities and plainly infringes upon Plaintiff's fundamental right of free movement under the Privileges and Immunities Clause of the Fourteenth Amendment, infra.

40.     Therefore, regardless of any legitimate purpose the curfew may have, it is overbroad and facially unconstitutional.

**SECOND CLAIM**
**(The curfew violates the Privileges and Immunities and Substantive Due Process Clauses of the Fourteenth Amendment to the United States Constitution)**

41.     Plaintiff realleges and reincorporates, as though fully set forth herein, each and every allegation contained above.

42.     The curfew prohibits all foot traffic on the streets of Ville Platte and in other areas between the hours of 10 p.m. to 5 a.m. Sunday through Thursday and between the hours of 1 a.m. to 5 a.m. Saturday through Sunday, with an exemption for  customers standing in the parking lot of a supervised and open business.

43.     The initial basis for the curfew – a string of burglaries in very early 2011 – was an insufficient factual justification for the City's dramatic infringement upon the protected liberties of Sampson and the other residents of Ville Platte.

44.     Since then, the curfew has been renewed three times, but the City has not once articulated a sufficient factual basis for it.

45.     The curfew therefore is unconstitutional for the following reasons:

A.    it impermissibly burdens Plaintiff's fundamental rights to free movement and travel, and to participate in such protected activities as speaking and assembling in public; and

B.    it is not a necessary measure narrowly tailored to achieve a compelling government interest, because there are less restrictive alternatives to a curfew, and because the social conditions that served as the basis for the curfew did not**,** and still do not**,** rise to the level of the sort of civil emergency that would normally justify a curfew.

**THIRD CLAIM**
**(The Curfew violates Plaintiff's rights under the First Amendment**
**to the United States Constitution, both facially and as applied)**

46.    Plaintiff realleges and reincorporates, as though fully set forth herein, each and every allegation stated above.

47.    The curfew prohibits all foot traffic on the streets of Ville Platte and in other areas between the hours of 10 p.m. to 5 a.m. Sunday through Thursday and between the hours of 1 a.m. to 5 a.m. Saturday through Sunday, with an exemption for  customers standing in the parking lot of a supervised and open business.

48.    It leaves no exception whatsoever for protected First Amendment activities such as public speech or assembly, and provides no sufficient alternative means of expression to those individuals who wish to engage in such activities during the hours in which the curfew is effective.

49.    The curfew therefore is a facially unconstitutional restriction on the time, place, and manner of protected First Amendment activities.

50.    In the alternative, the curfew, while facially neutral, is unconstitutional as applied to Plaintiff, for the following reasons:

      A.    Defendants have no legitimate interest in prohibiting Sampson from engaging in otherwise protected First Amendment activities, and, if Defendants do have such an interest, the Walking Curfew is not narrowly tailored to achieve that interest; and,

      B.    the civil conditions that served as the basis for the curfew did not, and still do not, rise to the level of the sort of civil emergency that would normally justify a curfew.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, having no adequate remedy at law, requests the following:

1.    A temporary restraining order enjoining Defendants and their agents from enforcing or threatening to enforce the curfew;

2.    A preliminary injunction and, as appropriate, a permanent injunction enjoining Defendants and their agents from enforcing or threatening to enforce the curfew;

3.    A declaratory judgment holding the curfew unconstitutional both facially and as applied;

4.    Nominal damages;

5.    Reasonable attorneys' fees, expenses and costs under 42 U.S.C. § 1988 and any other applicable law; and

6.    All equitable and further relief which the Court deems proper.

Respectfully Submitted,

By:    /s/ Justin Harrison_____

Justin P. Harrison (La No. 33575)
Staff Attorney
P.O. Box 56157
New Orleans, Louisiana 70156
(504) 522-0628
ACLU Foundation of Louisiana

William L. Goode (#6128)
The Goode Law Firm, A P.L.C.
P. O. Box 3366
812 Johnston Street
Lafayette, LA 70502
(337) 234-0600
Cooperating Attorney,
ACLU Foundation of Louisiana

Attorneys for Plaintiff