## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

ARTHUR SAMPSON,

                   Plaintiff,

   – Versus –

CITY OF VILLE PLATTE, LOUISIANA;
JENNIFER VIDRINE, Mayor, City of Ville
Platte; NEAL LARTIGUE, Chief of Police,
City of Ville Platte; C.J. DARDEAU, City
Council Member, City of Ville Platte; MIKE
PERRON, City Council Member, City of
Ville Platte; FREDDIE JACK, City Council
Member, City of Ville Platte; DONALD
SAM,  City Council Member, City of Ville
Platte; TARANZA ARVIE, City Council
Member, City of Ville Platte,

                   Defendants.

NUMBER: 1:11-cv-1780

JUDGE: Hon. Richard T. Haik, Sr.

MAG. JUDGE: Hon. C. Michael Hill

---

## AMENDED COMPLAINT

---

## INTRODUCTION

1.    This is an action pursuant to 42 U.S.C. §§ 1983 and 1988, for a temporary restraining order, declaratory judgment, injunctive relief and nominal damages to redress Defendants' violations of Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution.  Specifically, Plaintiff seeks judicial review of the Ville Platte, LA ("Ville Platte") walking curfew, a municipal ordinance which arbitrarily prevented Plaintiff from exercising his constitutionally-protected, fundamental right to free movement.

1

## JURISDICTION AND VENUE

2.      The Court has original jurisdiction in this matter under 28 U.S.C. §§ 1331 and 1343.

3.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because the City of Ville Platte is located within this District, and because the individual Defendants reside in this District.

4.      Declaratory relief is authorized by 28 U.S.C. § 2201 and 2202. A declaration of law is necessary to determine the respective rights and duties of the parties.

## THE PARTIES

5.      Plaintiff ARTHUR SAMPSON is an adult resident of Ville Platte, Louisiana.  He is subject to the curfew at issue here.

6.      Defendant CITY OF VILLE PLATTE ("the City"), Louisiana, is a municipality of the State of Louisiana.  At all relevant times, the City employed the defendants named below.  The City is directly liable for acts complained of herein due to the policies and practices of its police department and other employees.  The City is further directly liable for acts complained of herein due to its enactment of the curfew.  The City maintains the right and power to sue and be sued.

7.      Defendant JENNIFER VIDRINE**,** is an adult resident of Ville Platte who, at all relevant times, was the mayor of the City. Vidrine is responsible for the final supervision of the Ville Platte Police Department, and for final execution and enforcement of the proclamations, executive orders and ordinances of the City.  Through her supervision, execution and enforcement powers, Vidrine trenched upon Plaintiff's First and Fourteenth Amendment rights. Upon information and belief, Vidrine is a final policymaker on the questions of whether a person may avail himself of his constitutionally protected First Amendment and Fourteenth Amendment rights under the curfew.  She is sued in her official capacity.

2

8.    Defendant NEAL LARTIGUE is an adult resident of Ville Platte who, at all relevant times, was the Ville Platte Chief of Police.  As such, he enforces the criminal laws of the State of Louisiana and the ordinances of the Ville Platte, including the curfew.  Upon information and belief, Lartigue is a final policymaker on the questions of whether a person may avail himself of his constitutionally protected First Amendment and Fourteenth Amendment rights under the curfew.  He is sued in his official capacity.

9.    Defendants C.J. DARDEAU, MIKE PERRON, FREDDIE JACK, DONALD SAM and TARANZA ARVIE are adult residents of Ville Platte who, at all relevant times, were Ville Platte city council members.  Each therefore is partly responsible for City's adoption of the curfew. Each is sued in his official capacity.

## FACTUAL ALLEGATIONS

### The Curfew

10.     At a February 8, 2011 city council meeting, Defendant Mayor Vidrine announced that

due to recent break-ins and burglaries, the city would adopt a walking curfew.

11.     The scope of the proposed curfew was massive: after 10:00 p.m., seven nights a week,

there would be **no foot traffic by anyone, anywhere in town, for any reason whatsoever, with**

**no exceptions**, save one: individuals would be permitted to stand in the parking lot of a

"supervised and open business."

12.     The council adopted the ordinance, the language of which is set forth here:

### PROCLAMATION

Be it resolved that Mayor Jennifer Vidrine issued an Executive Order declaring a Walking Curfew in the City of Ville Platte for all ages, effective February 11, 2011.

Whereas, the City has the duty to provide protection for its citizens and visitors, the Walking Curfew has been imposed for sixty (60) days and will be reinstated after every expiration, if found necessary by the Mayor, Police Chief Lartigue and City Council.

Whereas, the effective date given provides ample time for citizens to be aware and to prepare for the Walking Curfew;

Whereas, it shall be unlawful for any individual to travel by foot, loiter, wander stroll, or play in or upon or traverse any public streets, highways, roads, alleys, parks, places of amusement and entertainment, places and buildings, vacant lots or other unsupervised places in the City of Vile Platte, Louisiana, between the hours of 10:00 p.m. and 5:00 a.m. nightly.

Whereas, this order does not prevent customers from standing in the parking lot of a supervised and open business; this order applies to foot traffic;

Whereas, the curfew will remain in effect for 60 days; it shall begin February 11, 2011 and end April 11, 2011;

Whereas, violators of this Walking Curfew will face up to a $200 fine and/or 30 days in jail;

Now, therefore, I, Jennifer Vidrine, Mayor of the City of Ville Platte, do hereby declare a Walking Curfew in the City of Ville Platte for all ages effective February 11, 2011.

Jennifer Vidrine, Mayor

[**Exhibit A**, February 8, 2011 City Council Meeting Minutes, p.2][1]

---

[1] 1.     Plaintiff filed his opening complaint on October 5, 2011. Prior to filing, undersigned counsel had requested that the City provide a copy of the curfew ordinance. After several months' worth of followup requests, on or about

**The Curfew Goes Into Effect**

13.     The Ville Platte Police Department began enforcing the curfew on February 12, 2011.  At approximately 10 p.m. on February 13, 2011 – hardly twenty-four hours after enforcement had begun – police officers stopped three persons on a public street, asked about their intentions, warned them of the curfew and checked their identification.  Later that same night, at approximately 11:18 p.m., police cited another man for walking along the street in violation of the curfew.  At approximately 11:54 p.m., police questioned yet another man walking along a public street, warned him of the curfew and verified his identity.  Finally, at approximately 12:48 a.m. – barely more than 48 hours after the curfew had been enacted, police stopped and cited another man on a public street for violation of the curfew.[2]

14.     On February 12, 2011, Mayor Vidrine reportedly patrolled the streets of Ville Platte in a police vehicle, lights flashing, in an effort to ensure the curfew was not violated.[3]

15.     On February 23, 2011, Defendant Lartigue reportedly stated that the curfew was still in effect and any violators would be stopped by police.  He also encouraged Ville Platte residents to identify and report curfew violators.[4]

**Plaintiff Files Suit; City Lifts Curfew**

16.     When the curfew initially was enacted, Defendant Mayor Vidrine stated: "We will do it as long as we need to for people to feel safe again."[5]

---

January 19, 2012, the City forwarded to undersigned counsel the text of the curfew, as well as the minutes of all city council meetings at which the curfew was discussed. Plaintiff amends his complaint based largely upon those documents.

[2]     Carissa Hebert, *Curfew takes effect Friday evening, no serious problems*, Ville Platte Gazette, February 12, 2011, *available at* http://www.villeplattetoday.com/view/full_story/11374818/article-Curfew-takes-effect-Friday-evening--no-serious-problems?.

[3]     *Supra*, Hebert, at Ville Platte Gazette, February 12, 2011

[4]     Carissa Hebert, *Burglary, fight and curfew discussed*, Ville Platte Gazette, February 23, 2011, *available at* http://www.villeplattetoday.com/view/full_story/11568028/article-Burglary--fight-and-curfew-discussed?.

17.     Not to be denied, Vidrine suggested at an April 12, 2011 council meeting that the city extend the curfew another 60 days.

18.     The council eagerly complied with the Mayor's request and added another 60 days to the curfew.[6]

19.     Defendants renewed the curfew for 60 days again on June 13, 2011 and once more on August 9, 2011.

20.     Defendants planned to renew the curfew at a City Council meeting scheduled for Tuesday, October 11, 2011.

21.     Hoping to prevent the renewal, Plaintiff filed this action on Wednesday, October 5, 2011.

22.     As a courtesy, undersigned counsel forwarded Plaintiff's filed complaint, **Rec. Doc. 1**, to City Attorney Eric LaFleur that same afternoon.

23.     Counsel also sent LaFleur a copy of their unfiled motion and brief in support of a temporary restraining order and preliminary injunction.

24.     Counsel then informed LaFleur that the motion for injunctive relief would not be filed if the City agreed to suspend the curfew.

25.     LaFleur agreed, informing counsel that the City would not enforce the curfew until the October 11, 2011 city council meeting, at which the merits of the curfew and a response to Plaintiff's suit would be discussed in greater detail.

26.     At the October 11, 2011 city council meeting, council members discussed the curfew both in executive session and with the public, ultimately deciding it would introduce an amended curfew at the November 8, 2011 council meeting:

---

[5]      *Supra*, Bordelon, at Ville Platte Gazette, February 9, 2011

[6]      Michael Bordelon, *Ville Platte City Council extends walking curfew, presents trophies to Lady Bulldogs*, EvangelineToday.com, available at: http://evangelinetoday.com/view/full_story/12774219/article-Ville-Platte-City-Council-extends-walking-curfew--presents-trophies-to-Lady-Bulldogs?instance=secondary_stories_left_column

After returning from the executive session Eric Lafleur, City Attorney, stated that we currently have pending lawsuit and what the city will try to do is tighten up on the existing ordinance to make sure that we address the constitutional concerns raised by Mr. Sampson and the ACLU. We want to make sure our ordinance is constitutional because if we lose we, will never have the right to the curfew. We need to try to fix the ordinance as it is written. The Council agreed to offer an amended ordinance to be considered at the November 8th meeting. Assuming this amended ordinance passes, it will allow the council to use the curfew as a means to fight crimes. We don't want to go to court and lose then you would have no other options. We want to make sure that we meet the constitutional requirements. The City will have an amended ordinance that will be introduced at the November meeting. We will have a public hearing at that meeting and pass the ordinance and move forward.

[**Exhibit B**, October 11, 2011 City Council Meeting Minutes, p. 2]

27.    The council then concluded the October 11, 2011 meeting without renewing the existing

curfew, effectively – but only temporarily – terminating it.

28.    Mayor Vidrine then added that the if the City had to reinstate the old curfew, it would,

and if it had to defend the curfew in court, it would:

The other part of the curfew will be looked at and revisited at the November meeting, "if we have to we will enact the curfew as it is and if we have to go to court, we will."

[**Exhibit B**, p. 3]

29.    The city council met again on November 8, 2011, and introduced a new ordinance

containing the following language:

**BE IT ORDAINED** by the Counsel of the City of Ville Platte, Louisiana:

SECTION1. The Ville Platte Code of Ordinances is hereby amended to include the following to the Code to read as follows:

**Sec. 3-49. Foot traffic restrictions during certain hours.**

(a) When walking on a public street the sidewalk must be used. At no time is foot traffic allowed on streets in order to allow for the safe flow of traffic, where sidewalks are available.

(b) If sidewalks are not available, it is required that you walk on the left side of the road facing oncoming traffic. This will enable citizens to watch for vehicles and to get out of the way should they not see the walking Ville Platte pedestrian.

(c) If a person is out walking after dark, it is required that he or she wear something reflective as an outer garment such as an armband, or parka. The reflective material is to be visible from all directions. This will enable drivers to see the pedestrian more clearly.

(d) If it is deemed in the best interest of the general population and it is reasonably believed that a curfew would assist in the reducing of violence, drug abuse and crime and would further secure the safety of the general population, authorization is granted to the Mayor to call for a temporary curfew – up to 30 days with an extension of 30 days with a vote of the council.   The Mayor may call for a vote of the council for additional temporary extensions as needed.

(e) If the provisions of part (d) are so enacted, it shall be unlawful for any individual to travel by foot, loiter, wander, stroll, or play in or upon or traverse any public streets, highways, roads, alleys, parks, places of amusement and entertainment, places and buildings, vacant lots or other unsupervised places in the City of Ville Platte, Louisiana, between the hours of 10:00 p.m. and 5:00 a.m. of the following day, all official time of the City of Ville Platte.

(f) The provisions of Sec. 3-49(e) shall not apply to those individuals acting in an emergency situation, standing in the parking lot of a supervised and open business, exercising their constitutional right to commute to or from work, or exercising their First Amendment rights, such as commuting to or from religious gatherings, public speeches and legally permitted public assembly.

(g) Anyone who violates any provisions of this ordinance shall punished as provided in section 1-8 of this Code.

(h) Violators of any provision of this ordinance shall be issued a citation and subject to the penalties described above.

[**Exhibit C**, November 8, 2011 City Council Meeting Minutes, p. 6]

30.     The new language makes it clear that the City gave Mayor Vidrine unilateral authority to

immediately reinstate the curfew for 30 days, "If it is deemed in the best interest of the general

population and it is reasonably believed that a curfew would assist in the reducing of violence,

drug abuse and crime and would further secure the safety of the general population." **Exhibit C**,

p. 6, ¶d.

**The Aftermath of the Curfew**

31.     Between the inception and suspension of the curfew, approximately 134 people were

cited, arrested, fined and/or jailed, solely because they were outside after 10 p.m.

32.     Despite those arrests, crime in Ville Platte did not significantly decrease during the duration of the curfew.

33.     On the other hand, arrests and imprisonments for curfew violations, as well as violations of a City ordinance that requires all residents to wear reflective clothing after dark[7], **skyrocketed** during that time, filling Ville Platte's jails with otherwise innocent civilians and creating a financial windfall for the City.

34.     Between the inception and suspension of the curfew, Plaintiff Sampson and the other residents of Ville Platte were unable to leave their homes on foot between 10 p.m. and 5 a.m., for fear that they would be cited, arrested, fined and jailed for nothing more than appearing in public.

35.     The curfew substantially effected Sampson's life.  Before the ordinance went into effect, Sampson regularly would walk through his neighborhood to check on his elderly Aunt, who lives several blocks away. While under the curfew, he could not, for fear that the walk home after spending an evening with family would land him in jail.

36.     Before the curfew**,** Sampson regularly walked to friends' and family members' homes for evening visits; during the curfew, he could not do so.

37.     Before the curfew, as President of the Evangeline Parish NAACP, Sampson often walked to concerned citizens' homes to discuss political and racial issues, and to provide advice and counsel; during the curfew, he could not do so.

38.     Before the curfew, Sampson frequently walked to the community store, which was owned and operated by a friend, for a late night snack or a soda; during the curfew, he could not do so.

---

[7]      That ordinance, set forth in Ville Platte Municipal Code Section 3-49, is not challenged here.  It is worth noting, however, that most people who have been cited or arrested for violating the curfew were contemporaneously either cited or arrested for violating the reflective clothing ordinance.

39.     Before the curfew, Sampson freely enjoyed his constitutionally protected liberties; during the curfew, afraid of arrest and imprisonment by agents of the City, Sampson did not do so.

40.     In sum, during the curfew, Sampson and the other residents of Ville Platte were unable to visit friends and relatives, go for a stroll, run late-night errands, jog, walk their dogs or enjoy the myriad other activities protected by their constitutional rights to assemble, congregate, associate, speak in public, travel, and simply be out in the world, all due to the arbitrary and unnecessary actions of the City.

41.     Moreover, while the curfew has been suspended, the danger has not passed. Sampson remains fearful that the City, as promised during its council meetings of October 11 and November 8, will reinstate the curfew for the same arbitrary and irrational reasons as it instituted it in the first place.

42.     Seeking to protect his constitutional rights with both declaratory and forward-looking injunctive relief, Plaintiff files this amended complaint.

### CAUSES OF ACTION

### FIRST CLAIM
**(The curfew is overbroad, both facially and as applied)**

43.     Plaintiff realleges and reincorporates, as though fully set forth herein, each and every allegation contained above.

44.     The curfew never had, and does not now have, a plainly legitimate sweep, as civil conditions in Ville Platte were never so dangerous or out of control as to necessitate keeping every single man, woman and child in Ville Platte inside after 10 p.m.

45.     That said, the curfew is facially overbroad because, beyond any legitimate sweep it could possibly have had, it illegalizes conduct otherwise protected by the First and Fourteenth Amendments.

46.     Similarly, while the amended curfew apparently contains some limited exceptions for First Amendment and other activities, it too criminalizes constitutionally protected behavior beyond any possible legitimate sweep.

## SECOND CLAIM
### (The curfew is vague, both facially and as applied)

47.     Plaintiff realleges and reincorporates, as though fully set forth herein, each and every allegation contained above.

48.     The curfew is unconstitutionally vague because it is not clear enough to provide a person of ordinary intelligence notice of what conduct is prohibited.

49.     The curfew is also unconstitutionally vague because it fails to provide enforcement standards for Ville Platte officials, and therefore encourages, and has resulted in, arbitrary and erratic enforcement.

## THIRD CLAIM
### (The curfew violates the Privileges and Immunities and Substantive Due Process Clauses of the Fourteenth Amendment, both facially and as applied)

50.     Plaintiff realleges and reincorporates, as though fully set forth herein, each and every allegation contained above.

51.     Both the old and amended curfews prohibit all foot traffic on the streets of Ville Platte and in other areas between the hours of 10 p.m. to 5 a.m., with very limited exceptions.

52.     The curfew therefore impermissibly burdens Plaintiff's fundamental Fourteenth Amendment rights to free movement and travel.

## FOURTH CLAIM
### (The Curfew violates Plaintiff's rights under the First Amendment to the United States Constitution, both facially and as applied)

53.     Plaintiff realleges and reincorporates, as though fully set forth herein, each and every allegation stated above.

54.    The curfew prohibits all foot traffic on the streets of Ville Platte and in other areas between the hours of 10 p.m. to 5 a.m., with certain limited exceptions.

55.    Those exceptions are inadequate under the First Amendment, as they provide no sufficient alternative means of expression to those individuals who wish to engage in such activities during the hours in which the curfew is effective.

56.    The curfew therefore is a facially unconstitutional restriction on the time, place, and manner of protected First Amendment activities.

57.    In the alternative, the curfew, while facially neutral, is unconstitutional as applied to Plaintiff, for the following reasons:

    A.    Defendants have no legitimate interest in prohibiting Sampson from engaging in otherwise protected First Amendment activities, and, if Defendants do have such an interest, the Walking Curfew is not narrowly tailored to achieve that interest; and,

    B.    the civil conditions that served as the basis for the curfew did not**,** and still do not**,** rise to the level of the sort of civil emergency that would normally justify a curfew.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, having no adequate remedy at law, requests the following:

1.      Injunctive relief barring Defendants and their agents from reinstating or enforcing the curfew;

2.      A declaratory judgment that the curfew is unconstitutional;

3.      Nominal damages;

4.      Reasonable attorneys' fees, expenses and costs under 42 U.S.C. § 1988 and any other applicable law; and

5.      Any equitable and further relief which the Court deems proper.

Respectfully Submitted,

By:    <u>/s/ Justin Harrison        </u>
Justin P. Harrison (La No. 33575)
Senior Staff Attorney
P.O. Box 56157
New Orleans, Louisiana 70156
(504) 522-0628
ACLU Foundation of Louisiana

William L. Goode (La No. 6128)
The Goode Law Firm, A P.L.C.
P. O. Box 3366
812 Johnston Street
Lafayette, LA 70502
(337) 234-0600
Cooperating Attorney,
ACLU Foundation of Louisiana

Attorneys for Plaintiff Arthur Sampson